UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT W. MCKAY,

        Plaintiff,                       Case No. 14-cv-10252

v                                            Honorable Thomas L. Ludington

WILLIAM L. FEDERSPEIL, and RANDY
F. PFAU,

        Defendants.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Plaintiff Robert McKay filed suit challenging the constitutionality of an administrative order issued by the Saginaw County Circuit Court. The administrative order ("Electronics Ban Order") prohibits members of the public from possessing and using cell phones, cameras, and other electronic communication devices in the Saginaw County Governmental Center. McKay alleged that the Electronics Ban Order violates his constitutional right "to attend, observe, and *record* matters of public concern . . . ." Mot. Prelim. Inj. 2, ECF No. 2 (emphasis original).

On January 20, 2014, McKay filed a motion for preliminary injunction that would enjoin Defendants and the Saginaw County Sheriff's Department from enforcing the Electronics Ban Order. The Court denied McKay's motion, *inter alia*, because there is no First Amendment right for citizens to record courtroom proceedings.

McKay then filed a motion for reconsideration, asserting that the Court erred in concluding that there was no First Amendment right to record courtroom proceedings. McKay contends that the technological changes that have occurred since the Supreme Court's jurisprudence require this Court to find a constitutional right to record courtroom events.

However, this Court may not divine a First Amendment right to record courtroom events in contravention of Supreme Court precedent. Accordingly, McKay has not identified a palpable error in this Court's decision and his motion for reconsideration will be denied.

# I

Robert McKay is a Tuscola County resident who is "politically active in the elimination of administrative orders, issued by local judges, to conduct proceedings without the benefit of public recording." Mot. Prelim. Inj. 2. On August 7, 2013, the Saginaw County Board of Commissioners entertained a proposed ordinance that would ban all devices from being brought into the Saginaw County Governmental Center. Compl. ¶ 10, ECF No. 1. The Saginaw County Governmental Center houses the legislative and executive offices of Saginaw County, including the Saginaw County Board of Commissioners, County Treasurer, County Clerk, Register of Deeds, as well as judicial offices and courtrooms for the Tenth Circuit Court of Saginaw County, the Seventieth District Court of Saginaw County, the Probate Court of Saginaw County, and the Saginaw County Friend of the Court. *Id.* ¶ 9-10.

McKay appeared at the Saginaw County Board of Commissioners' meeting to voice his opposition to the proposed ordinance. *Id.* ¶ 13. McKay "argued regarding the unfairness for certain groups of people to not have to comply with the same rules as other citizens and asked the Committee to not approve the proposed ordinance." *Id.* ¶ 14. After listening to McKay and others speak, the Board of Commissioners postponed its decision on the proposed ordinance. *Id.* ¶ 17. The proposed ordinance restricting electronics throughout the entire Governmental Center was never brought back to the table for further consideration. *Id.* ¶ 18.

Although the Board of Commissioners never approved the proposed ordinance, the Chief Judges of the Saginaw County Courts issued an Electronics Ban Order[1], which prohibits many types of electronic devices in the courtrooms and surrounding areas. The Electronics Ban Order provides:

> Except with a judge's permission, possession and/or use of the following devices is prohibited in court related facilities:
>
> - audio and/or video recording and/or broadcasting devise
> - camera/photographic devices
> - electronic communication devices
> - 
>
> Electronic communication devices include any device capable of communicating information from one person to another, including cell phones, pagers, two way radios, and laptop/notebook/tablet computers.
>
> Court related facilities include the Saginaw County Circuit Court, District Court, and Probate Court (including the entire Juvenile/Family Court facility) courtrooms, court administrative offices, Friend of the Court offices, probation offices, and related common areas.

Mot. Prelim. Inj., Ex. A. The Electronics Ban Order is intended to address at least three problems: "ring tones disrupting proceedings, spectators photographing witnesses, jurors conducting on-line research, etc." Mot. Prelim. Inj., Ex. C.

A person may be exempted from the Electronic Ban Order with a judge's permission. For example, the Chief Judges have exempted attorneys—who are licensed and regulated by the State Bar of Michigan—from the Electronic Ban Order: "This significant exception recognizes that attorneys are officers of the court, increasingly dependent on electronic devices to conduct on-line research, assist in presentations, manage schedules, gain access to office and colleagues, etc., and yet appreciate the need to maintain decorum." Mot. Prelim. Inj., Ex. C; *see also* Mich. Ct. R. 8.109(B) ("The court may regulate the manner of audio or photographic recording so that

---

[1] Local Administrative Order C10-2013-08-J.

it does not disrupt the proceeding."). In addition, it appears that some media outlets have already obtained permission to take photographs during criminal trials. *See* Mot. Prelim. Inj., Ex. D, E.

Violation of the Electronics Ban Order "may result in appropriate sanctions, including (A) being summarily barred or removed from court related facilities, and/or (B) imposition of a fine, including confiscation of any offending device, incarceration, or both for contempt of court." Mot. Prelim. Inj., Ex. A.

On December 13, 2013, Lieutenant Randy Pfau sent a memo to all Sheriff's Department personnel alerting them of the recently instituted Electronics Ban Order. Ex. B. Pfau explains that if prohibited electronics "are brought in they will be treated as any other restricted item and people will be able to take them back to their cars. . . . Persons not wishing to comply with this order will be barred from the courthouse and those in violation inside the building may have their electronic device confiscated." Mot. Prelim. Inj., Ex. B.

**II**

A motion for reconsideration will be granted if the moving party shows: "(1) a 'palpable defect,' (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 1818 F. Supp. 2d 731, 733-34 (E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, manifest, or plain." *Michalec*, 181 F. Supp. 2d at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Michalec*, 181 F. Supp. 2d at 734 (brackets omitted) (quoting E.D. Mich. LR 7.1(h)(3)).

**III**

In his motion for reconsideration, McKay contends that, due to the substantial technological advances that occurred since the Supreme Court's decisions, there is now a constitutional right for an individual to record events occurring inside state courtrooms. Accordingly, he requests that this Court "reconsider its finding that observers do not have a First Amendment right to use electronic equipment in the courtroom . . . ." Reconsideration at 7 (internal quotations and brackets omitted).

McKay's argument is essentially a repetition of the argument he made in his original motion for a preliminary injunction, and it remains without merit. In *Chandler v. Florida*, 449 U.S. 560 (1981), the Supreme Court affirmed a state supreme court decision that "reject[ed] the argument of the Plaintiffs that *the first* and sixth amendments to the United States Constitution *mandate entry of electronic media into judicial proceedings*." (emphasis added). Moreover, in *Nixon v. Warner Communications, Inc.*, 435 U.S. 581 (1978), the Supreme Court stated: "In the first place . . . there is no constitutional right to have [courtroom] testimony recorded and broadcast." (citing *Estes v. Texas*, 381 U.S. at 539-42). The Supreme Court thus concluded that there is no First Amendment right to have electronic media in the courtroom.

McKay contends that, with recent technological advancements, this Court should ignore the Supreme Court's pronouncement in *Chandler* and find that an individual does have a First Amendment right to electronic media in the courtroom. But this Court is bound by the Supreme Court's holding in *Chandler* pursuant to the doctrine of stare decisis: "Stare decisis is more than a principle in the Sixth Circuit, it is the rule." *Kerman v. C.I.R.*, 713 F.3d 849, 866 (6th Cir. 2013). This Court may not disregard the Supreme Court's express conclusion that there is no First Amendment right to record courtroom events.

Nevertheless, McKay points to the same Supreme Court jurisprudence he cited in his original briefs, which allegedly supports his claim that there is a presumptive right to record courtroom events.[2] In his motion for reconsideration, McKay relies on *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), which he claims stands for the proposition that "a trial courtroom is a public place." Reconsideration at 4 (citing *Richmond Newspapers* at 578) (internal quotation marks omitted). He claims that, because a courtroom is a public place, "it is incongruous that a place recognized by the Supreme Court as being a 'public place' with 'government officials engaged in their duties' could be deemed a First Amendment free-zone as to recording—a type of protected activity."[3] Reconsideration 4.

McKay's reliance on *Richmond Newspapers* is misplaced. First, *Richmond Newspapers* was decided one year before *Chandler*. Therefore, even assuming arguendo that *Richmond Newspapers* implied a presumptive right, that implied right would have been quashed by the Court's explicit statement to the contrary in *Chandler*.

Second, the facts and legal issues in *Richmond Newspapers* are decidedly different from those in the instant case. In *Richmond Newspapers*, a state court trial judge closed the courtroom to all members of the public and press. No one except for the parties, their attorneys, and witnesses were permitted to be in the courtroom. A newspaper company then appealed the order closing the courtroom, asserting that there was a First Amendment right to attend court

---

[2] In addition to the Supreme Court's decision in *Richmond Newspapers*, McKay also relies on several cases from neighboring circuits, which he alleges have held that a person has "the right to record as a First Amendment protected activity . . . ." Reconsideration 3 (citing *Smith v. Cumming*, 212 F.3d 1332 (11th Cir. 2000), *Fordyce v. City of Seattle*, 55 F.3d 436 (9th Cir. 1995), *Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011), and *American Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 586-87 (7th Cir. 2012)). However, to the extent that these cited cases held that there is a First Amendment right to record, these cases dealt only with recording public officials *outside* the courtroom. Not a single cited case has held that there is a First Amendment right to record within the courtroom—nor could it, without violating Supreme Court precedent.

[3] This is the same argument McKay presented in his original briefs and which the Court rejected. That McKay is re-arguing this contention is sufficient grounds for denial of his motion for reconsideration. *See* E.D. Mich. LR 7(h)(3) ("the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court . . . ."). Nonetheless, the Court will address McKay's argument in more detail.

proceedings. The Supreme Court, relying on extensive traditions in Anglo-American law, held that "the right [of the public and the press] to attend criminal trials is implicit in the guarantees of the First Amendment . . . ." *Id.* (emphasis added). In turn, because there was a First Amendment right to attend criminal trials, a judge could not close the courtroom "absent an overriding interest articulated in findings." *Id.* at 581.

In contrast to the factual situation in *Richmond Newspapers*, the Saginaw County Circuit courtrooms are not closed to the public. Nothing in the Electronics Ban Order prevents any member of the public from attending courtroom proceedings. Thus, the First Amendment right at issue in *Richmond Newspapers*—the public's right to observe courtroom proceedings—is not implicated in the present case. And as the Supreme Court made clear in *Chandler*, no First Amendment right is implicated by denying members of the public the right to use recording devices in the courtroom. Accordingly, the Saginaw County Courts need not articulate an overriding interest in prohibiting recording devices, because there is no First Amendment right implicated. Although the Supreme Court's decision in *Richmond Newspapers* speaks to the intrinsic value of open trials, the Court will not tortuously construe *Richmond Newspapers* as granting a presumptive constitutional right to allow electronic devices into the courtroom.

In sum, McKay's contention that there is a First Amendment right to record courtroom events using electronic media is unsupportable in light of Supreme Court precedent, which binds this Court. Because there is no First Amendment right to record courtroom events, the Court need not consider whether personal recording devices, such as cell phones, are less disruptive than broadcasting equipment. As such, McKay has not pointed to a "palpable defect" in the Court's prior opinion and order, and his motion for reconsideration will be denied.

## IV

Accordingly, it is **ORDERED** that McKay's Motion for Reconsideration (ECF No. 31) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 20, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 20, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---