UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT W. MCKAY,

        Plaintiff,                    Case No. 14-cv-10252

v                                        Honorable Thomas L. Ludington

WILLIAM L. FEDERSPIEL, and
RANDY F. PFAU,

        Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

On January 20, 2014, Plaintiff Robert McKay filed suit against Saginaw County Sheriff William Federspiel and Lieutenant Sheriff Randy Pfau, challenging the constitutionality of an administrative order issued by the Saginaw County Circuit Court. The administrative order (the "Electronics Ban Order") prohibits members of the public from possessing and using cell phones, cameras, and other electronic communication devices in certain areas of the Saginaw County Governmental Center. McKay alleges that the Electronics Ban Order violates the First, Fifth, and Fourteenth Amendments of the United States Constitution that protect his right "to attend, observe, and *record* matters of public concern" within the Saginaw County Governmental Center. Compl. ¶ 1, ECF No. 1 (emphasis original).

The parties filed cross-motions for summary judgment on McKay's First Amendment claims. On December 11, 2014, this Court granted Defendants' motion for summary judgment, concluding that "the Electronics Ban Order does not infringe on McKay's First Amendment rights . . . ." Order 2, ECF No. 52. However, the Court noted that neither party moved for

summary judgment on McKay's Fifth and Fourteenth Amendment claims, and therefore those claims remain pending.

On December 23, 2014, Defendants filed a motion for reconsideration of this Court's December 11, 2014 Order. Defendants contend that: (1) the Court erred in dismissing McKay's First Amendment claim *without* prejudice, and (2) that summary judgment should have been granted on McKay's Fifth and Fourteenth Amendment claims.

**I**

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakeable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 7.1 (h)(3)).

**II**

Defendants first contend that this Court erred in denying McKay's First Amendment claim—that the Electronics Ban Order is unconstitutional as applied within the courtrooms— without prejudice.[1] In its December 11, 2014 Order, the Court concluded that McKay lacked standing to challenge the Electronics Ban Order as applied within the courtrooms: "Nothing in McKay's papers or in the record indicates that McKay has standing, and therefore this Court is

---

[1] Although titled as a "Motion for Relief From Order and Reconsideration," Defendants appear to be relying on Federal Rule of Civil Procedure 60(a), which permits a court to correct a clerical error. *See* Mot. Recons. 2 (quoting Fed. R. Civ. P. 60(a)). However, dismissal of McKay's claim without prejudice was not a clerical error, and therefore Rule 60(a) is inapplicable. For the sake of completeness, the Court will analyze Defendants' claim under Federal Rule of Civil Procedure 59, which governs motions for reconsideration. *See Fitts v. van Ochten*, 2014 WL 6750651, at *1 (E.D. Mich. Dec. 1, 2014) ("The 'palpable defect' standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e).") (citing *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006); *Veasley v. Fed. Nat. Mortg. Ass'n*, 2014 WL 6686765, at *1 (E.D. Mich. Nov. 26, 2014).

without subject matter jurisdiction to hear his claims." Order 6. Because the Court lacked subject matter jurisdiction, it dismissed McKay's claim without prejudice.

Defendants, however, contend that McKay's claim should be dismissed with prejudice because "Plaintiff McKay can never acquire standing . . . ." Mot. Recons. 4. Defendants maintain that, because McKay cannot acquire standing, his First Amendment claim should be dismissed with prejudice.

As noted in its December 11, 2014 Order, a plaintiff's lack of standing is a constitutional defect, and a court does not have subject matter jurisdiction over such a plaintiff's claims. Order 6 (citing *Hyman v. City of Louisville*, 53 F. App'x 740, 744 (6th Cir. 2002)); *see also Allstate Ins. Co. v. Global Medical Billing, Inc.*, 520 F. App'x 409, 411 (6th Cir. 2013) ("a dismissal for lack of subject-matter jurisdiction does not operate as a merits adjudication and is presumably granted without prejudice.") (citing *Pratt v. Ventas, Inc.*, 365 F.3d 514, 523 (6th Cir. 2004)).

Defendants have identified a case that appears contrary to the Sixth Circuit's general holding that a dismissal for lack of standing is without prejudice. In *B. & V. Distributing Co., Inc. v. Dottore Companies, Inc.*, 278 F. App'x 480 (6th Cir. 2008), the Sixth Circuit affirmed the dismissal with prejudice of a plaintiff's breach of contract claim even though the plaintiff lacked standing. However, the Sixth Circuit's conclusion was narrow; it explained that "[w]e do not view the district court's decision as resting upon [plaintiff]'s lack of 'standing' in the constitutional sense." *Id*. at 487. Instead, the Sixth Circuit noted that the dispositive question was whether the plaintiff had stated a viable claim for relief under Federal Rule of Civil Procedure 12(b)(6): "Under these circumstances, the district court properly concluded that [plaintiff] had failed to state a breach-of-contract claim upon which relief could be granted to

him, and this disposition under Rule 12(b)(6) properly resulted in a dismissal with prejudice." *Id.* at 488.

In contrast, this Court's December 11, 2014 *does* rest upon McKay's lack of standing in the constitutional sense. Therefore, *B. & V. Distributing* is distinguishable from the instant case. Defendants' motion for reconsideration will be denied with respect to this issue.

### III

Next, Defendants contend that they should be granted summary judgment on McKay's Fifth and Fourteenth Amendment claims. In its December 11, 2014 Order, the Court noted that Defendants had moved for summary judgment only on McKay's First Amendment claims—but not his Fifth and Fourteenth Amendment claims. Order 31. Therefore, the Court did not—and could not—grant summary judgment on those claims.

### A

Defendants acknowledge that they did not expressly move for summary judgment on McKay's Fifth and Fourteenth Amendment claims: "Defendants did not directly address Plaintiff's Fifth and Fourteenth Amendment claims in their Motion for Summary Disposition, as it was necessary for this Court to first decide whether Plaintiff had a protectable First Amendment right to record trial proceedings." Mot. Recons. 6. Defendants further explain that the Fifth and Fourteenth Amendment claims are completely derivative of McKay's First Amendment claim; that is, "[i]f Plaintiff's First Amendment claims failed, then his claim under the Fifth and Fourteenth Amendments must also fail." In other words, Defendants appear to claim that because McKay's First Amendment claims failed, his remaining claims automatically failed as a matter of law.

Even if McKay's Fifth and Fourteenth Amendment claims are derivative (a proposition that is not exactly clear itself), it remains unclear *why* Defendants did not previously seek summary judgment on those claims. As explained in a previous Order, this Court's Local Rules provide that "a challenge to several counts of a complaint generally must be in a single motion." Order Denying Mot. for Leave to File Second Alternative Mot. Summ. J. 1-2, ECF No. 37. The Court further explained:

> The reason for the local rule is straightforward—the orderly, timely administration of justice. "Parties are generally expected to set forth all their arguments in support of summary judgment in a single dispositive motion; piecemeal litigation at the summary-judgment stage is disfavored." *Spengler v. Worthington Cylinders*, 514 F. Supp. 2d 1011, 1021 (S.D. Ohio 2007); *see Boise Tower Assocs., LLC v. Washington Capital Joint Master Trust*, 2007 WL 1035158, at *13 (D. Idaho Apr. 2, 2007) ("Although successive motions for summary judgment are not categorically barred, they are generally disfavored in federal court.).

*Id*. Despite an order on the docket explaining in detail why a party should combine all its arguments into a single dispositive motion, Defendants did not do so. Defendants declined to make any arguments regarding McKay's Fifth and Fourteenth Amendment claims. Instead, Defendants address McKay's Fifth and Fourteenth Amendment claims for the first time in their motion for reconsideration.[2]

However, Defendants' arguments are not viable on a motion for reconsideration. Pursuant to Local Rule 7.1(h), motions for reconsideration "are aimed at *re* consideration, not initial consideration." *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *F.D.I.C. v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). "Motions for reconsideration do not allow the losing party to repeat arguments previously considered and rejected, *or to raise new legal theories that should have been raised earlier*." *Owner-Operator Independent Drivers*

---

[2] Defendants had previously sought summary judgment on those claims in their reply brief; however, the Court disregarded that request because a party may not raise new issues in a reply brief. Order 31 n.17 (citing *Internation-Matex Tank Terminals-Illinois v. Chemical Bank*, 2009 WL 1651291, at *2 (W.D. Mich. June 11, 2009)).

- 6 -

*Assoc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (internal quotation marks and citations omitted) (emphasis added). Because this is the first time that Defendants are seeking summary judgment on McKay's Fifth and Fourteenth Amendment claims in an independent motion, their claims are not viable on a motion for reconsideration.

**B**

Alternatively, Defendants seek permission to file a second motion for summary judgment that addresses McKay's Fifth and Fourteenth Amendment claims. This request for relief is now moot because on December 29, 2014, the parties submitted a stipulation—which the Court approved—that would allow them to file cross-motions for summary judgment on McKay's remaining claims. Accordingly, Defendants' request to file a second motion for summary judgment is moot.

**IV**

Accordingly, it is **ORDERED** that Defendants' Motion for Reconsideration (ECF No. 56) is **DENIED**.

                                           s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

Dated: January 13, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 13, 2015.

                         s/Tracy A. Jacobs
                         TRACY A. JACOBS