UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT W. MCKAY,

        Plaintiff,                               Case No. 14-cv-10252

v                                                   Honorable Thomas L. Ludington

WILLIAM L. FEDERSPIEL and RANDY F. PFAU,

        Defendants.

_____/

## ORDER GRANTING MOTION TO AMEND COMPLAINT AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

On January 20, 2014, Plaintiff Robert W. McKay filed a complaint against Defendants alleging, as relevant here, that the Electronics Ban Order in place at the Saginaw County Governmental Center violated the Due Process Clause of the Fifth Amendment because it failed to give fair notice of forbidden conduct.

Almost one year later, on December 29, 2014, McKay filed a motion to amend his complaint. McKay seeks to clarify that his "void for vagueness" claim is brought pursuant to both the Fifth *and Fourteenth* Amendment. Defendants oppose the filing of an amended complaint, asserting that the amendment would be futile.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors relevant to the determination of whether to permit an amendment include "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous

amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Importantly, allowing McKay to amend his complaint would not result in undue prejudice to Defendants. McKay states that, even with the addition of the Fourteenth Amendment claim, "[t]he substance of the claim, void for vagueness via due process, would remain the same. The exhibits remain the exact same as well. . . . the legal theory is the same (i.e. 'related common areas' is constitutionally vague), and the proposed amendment is simply to clarify the source, rather than the substance of the claim under the Fifth and Fourteenth Amendments." Pl.'s Mot. Amend 3. Indeed, both parties have already filed cross-motions for summary judgment that address McKay's vagueness claim under the Fourteenth Amendment. Because Defendants would not suffer undue prejudice, McKay will be permitted to file his Amended Complaint.

Because McKay is permitted to file an amended complaint, the question of the effect of the amended complaint on the pending motions for summary judgment arises. When an amended complaint is filed, the prior complaint is superseded and rendered moot. *See Smith & Nephew Inc. v. Fed. Ins. Co.*, 113 F. App'x 99, 102 (6th Cir. 2004). In general, then, "motions directed at the superseded pleading generally are to be denied as moot." *Mize v. Blue Ridge Bank*, 2013 WL 1766659, at *1 (D.S.C. Feb. 12, 2013) (collecting cases). But if the amended pleading does not cure the defects raised by the motions directed at the superseded pleading, denying the motions as moot "would be to exalt form over substance." Wright, Miller, et al., 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.).

Here, both parties' motions for summary judgment address the Fourteenth Amendment claim in McKay's Amended Complaint. *See* Defs.' Mot. Summ. J. 11 ("Plaintiff Lacks Standing

- 3 -

to Initiate This Constitutional Vagueness Challenge Under the Fifth *or Fourteenth Amendment*); Pl.'s Mot. Summ. J. 9.  McKay further requests that his motion for summary judgment be treated "as a request for summary judgment under either pleading."  Pl.'s Mot. Summ. J. 2 n.3.  Because both parties' motions for summary judgment address McKay's void for vagueness claim under the Fourteenth Amendment, the motions are not mooted.

Accordingly, it is **ORDERED** that Plaintiff Robert McKay's Motion to Amend his complaint (ECF No. 57) is **GRANTED**.

It is further **ORDERED** that McKay is **DIRECTED** to file his amended complaint on the docket on or before **March 2, 2015**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 26, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 26, 2015.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---